RECEIVED
JUL 05 2017
BY: ................

No. 16-3355-cr

# IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA
APPELLEE

vs.

EMILY OBERST
DEFENDANT

JASON KOPP
APPELLANT

APPEAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

## APPELLANT KOPP'S SUPPLEMENTAL OPENING APPELLATE BRIEF.

JASON KOPP REG NO. 24099-052
USP-Tucson, P.O. Box #24550
Tucson, Arizona. 85734.
PRO SE.

Melissa Tuohey
Attorney of Record
4 Clinton Square 3d. Floor
Syracuse, New York 13202

SUPPLEMENTAL GROUNDS RAISED

SUPP: GROUND TWO.
WHETHER KOPP'S SENTENCE OF 235 YEARS CONSTITUTES CRUEL AND/OR UNUSUAL PUNISHMENT IN LIGHT OF THE EIGHTH AMENDMENT AND SUPREME LAW OF THE LAND

SUPP: GROUND THREE
WHETHER SUPERVISED RELEASE AND SEX OFFENDER REGISTRATION VIOLATES DUE PROCESS AND EIGHTH AMENDMENT GUARANTEES UNDER OUR CONSTITUTION AND DISCRIMINATORY PROHIBITIONS.

SUPP: GROUND FOUR
WHETHER CHILD EXPLOITATION OFFENSES ARE VOID FOR VAGUENESS.

| CONTENT . . . . . . TABLE OF CONTENT . . . . . . . PAGE. |
|---|
| TABLE OF AUTHORITIES . . . . . . . . . . . . . . . (ii) |
| TABLE OF STATUTES . . . . . . . . . . . . . . . . (iii) |
| CONSTITUTIONAL PROVISIONS . . . . . . . . . . . . (iii) |
| SUPP: GROUND TWO: . . . . . . . . . . . . . . . . 1 |
| SUPP: GROUND THREE: . . . . . . . . . . . . . . . 8 |
|     SUPERVISED RELEASE . . . . . . . . . . . . . . . 8 |
|     DISCRIMINATORY IMPOSITIONS . . . . . . . . . . . 9 |
|     SEX OFFENDER REGISTRATION . . . . . . . . . . . 10 |
| SUPP: GROUND FOUR . . . . . . . . . . . . . . . . 11 |
| CONCLUSION . . . . . . . . . . . . . . . . . . . 15 |

TABLE OF AUTHORITY.

| Carol Ann Bond v. U.S., 134 S.Ct. 2077 (2014) . . . 12 |
|---|
| Employing Plas. Assn. v. U.S., 347 US 186 (1954) . . 12 |
| Furman v. Georgia, 408 US 238 (1972) . . . . . . . 6 |
| Graham v. Fla., 176 L.Ed.2d 825 (2010) . . . . . . 7 |
| Jacobs v. U.S., 118 L.Ed.2d 174 (1971) . . . . . . 14 |
| Jones v. U.S., 529 US 848 (2000) . . . . . . . . . 12 |
| Powell v. Texas, 392 US 514 (1968) . . . . . . . . 1 |
| Stirone v. U.S., 361 US 212 (1960) . . . . . . . . 4 |
| Trop v. Dulles, 356 US 86 (1958) . . . . . . . . . 2 |
| U.S. v. Aleynikov, 676 F.3d 71 (2d Cir. 2012) . . . 13 |
| U.S. v. Bass, 404 US 336 (1971) . . . . . . . . . . 12 |
| U.S. v. Ivey, 612 F.3d 1160 (11th Cir. 2010) . . . 4 |
| U.S. v. Kane, 639 F.3d 121 (2011) . . . . . . . . . |
|     2012 US LEXIS 1419 . . . . . . . . . . . . . . . 4 |

CONTENT....TABLE OF CONTENT..CONT......Page

### TABLE OF STATUTES

18 USC § 5 .................................................. 13
18 USC § 7 .................................................. 13
18 USC § 2251 ............................................... 11
18 USC § 2252 ............................................... 11

### CONSTITUTIONAL PROVISIONS

U.S. CONST. AMEND. 5 ........................................ 8
U.S. CONST AMEND. 8 ......................................... 2
U.S. CONST ART. 1 §8, CL. 3 ................................. 12

### WEBSITE AUTHORITY

Citing at ................................................... 5

## SUPP: GROUND TWO

Incorporating Counsel's "[S]ubstantial Reasonableness" at Brief [USCA2, 16-3355-cr DE.19] inclusive of its Statements of Facts [DE.19@4] Appellant, ["KOPP"] insists question[s] imposed on Appeal;

WHETHER KOPP'S SENTENCE OF 235 YEARS CONSTITUTES CRUEL AND/OR UNUSUAL PUNISHMENT IN LIGHT OF THE EIGHTH AMENDMENT AND SUPREME LAW OF THE LAND.

Kopp contends that his sentence follows the unusual definition which results in cruel punishment in all moral decent standards of society. Supreme Law Jurisprudence, such as Powell v. Texas, 392 US 514, 20 L.Ed.2d 1254, 88 S.Ct. 2145 (1968), gave definition of "unusual" punishments seperate from the "Cruel", Barbaric stages, wherein the Supreme Court directed that the "Cruel" and/or "unusual" punishments clause has always been, "Properly", directed at the "Method or Kind of punishments imposed for the Violation of Criminal statutes," and that the "Nature" of the conduct made criminal was ordinarily relevant only to the fitness of the punishment imposed."

-1-

Case 16-3355, Document 42, 07/05/2017, 2070952, Page6 of 20

Ten years previous to Powell, supra, the Supreme Court had seperated "un-usual" from the "Cruel" punishment meaning in Trop v. Dulles, 356 US 86 (1958) by holding "Unusual" to signify its meaning as "[S]omething different from that which is generally done", in criminal punishments which would draw its meaning from "[T]he evolving standards of decency which marked the progress of a Maturing Society." Thus, dictums our superior Court proscribes to punishments for Criminal conduct to avoid unusual punishments from being so "Cruelly different", and thus, Keeping punishments fair, substantially reasonable, and equally proscribed to its infractors. Fourty years previous to Trop, supra, the Supreme Court in, Weems v. United States, 217 US 349 (1910), Adopted the term "unusual" into the 8th Amendment [U.S.Const.] for the purpose of limiting the Judicial discretion to impose punishment which has not been expressly authorized by statute, Id.

In the instant case, the sentencing Court went well beyond the statutorily authorized maximums, as well as the maximum offense level of [43] authorized by the sentencing

-2-

commission, [i.e., 360-months to Life.], by imposi[ng] 235-Years punishment, which was 175-Years more severe than Kopps Codefendant's 60-Years for the exact same conduct [mens rea]; as well as 200-Years more severe than the same offenses in other districts, and approximately 230-235 years more severe than government personell.

The test of unusual punishments was first proscribed in Powell v. Texas, supra, by determining (1) the gravity of the offense; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed in other jurisdictions for the same crime. Id.

In the instant case, Kopp's conduct involved his son and his codefendant, Ms. Oberst's (a school Teachers Aid.) daughter. Ms. Oberst was committing [uncharged] oral sex on Mr. Kopps two year old son, and Mr. Kopp's finger was inserted anally into an infant, Obersts Daughter. Ms. Oberst was committing [uncharged] sexual photographing, fondling and sex-acts on Little girls in the schools bathrooms. Ms. Oberst received 60-Years for her conduct and Mr. Kopp received 235-Years for which he believes

-3-

Case 16-3355, Document 42, 07/05/2017, 2070952, Page8 of 20

unusual punishment for the instant offense conduct considering Mr. Kapp's "uncharged" alleged other crime conduct was used to enhance sentence, deemed a violation of dueprocess by the Supreme Court in Stirone v. United States, 361 US 212 (1960) for using uncharged conduct never proven in a court of law, found as fact in the Plea Court, nor admitted by Kapp.

In other Jurisdictions, Kapp points out that, For $20, Ruth Kane; [U.S. v. Kane, 639 F.3d 1121; 2011 US App. LEXIS 8905 (8th Cir. 2011); 131 S.Ct. 1597 (U.S. 2011), 2012 US LEXIS 1415 (U.S. 2012)] held down her nine year old daughter, to assist Joe Champion in his devient sexual rapes on the nine year old, causing unconciousness and unemaginable emotional trauma. Kane was sentenced to 10-years and Champion was sentenced to 15-years for their two years of conduct. Id.; Mr. Ivey, [U.S. v. Frey, 612 F.3d 1160 (11th Cir. 2010)] received 35-years - initially sentenced to 17.5 years - for grusome tortures of over 200 little girls of ages 10-12, inclusive of filling their bodies with cockroaches by using bamboo pipe anal and vaginal insersions, before his sex acts. Id.

Amoung the other hundreds of districts

-4-

and circuits, Kopp points out that, FBI Agents, (using government computers); Top secret Military Officials, including the Pentagon with top secret clearance, Magnitudes of Court officials, Prosecutors, Attorneys, and even Judges, our most trusted in todays society, our piers and mentors, have been captured in stings possessing, distributing child pornography on government computers around the country, who received no more than Five years with stiff fines or charges were dropped for various reasons including "they could not identify the victim. Thus, over 5000 such officials involved in the sexual gratification of child porn. (Id., http://www.huffingtonpost.com/2010/07/23/pentagon-child-porn-scanned_n_656839.html? vie...; 9/5/200 and: www.cbsnews.com.stories/2010/07/24/early show/saturday/main6709350.shtml, 9/5/2010. The same officials again, became under investigation for expanding their sexual deviations into "child molestation", "production" and "distribution". See updates as of 2015; Info Wars, web sites; Inquisitor, Fox News, Washington Post, Msnmnews, ABC News.

-5-

It is the most recent findings, not so shocking to todays society that former President Bill Clinton is back under investigation for his involvement with underage prostitution, Info Wars, supra, from when his wife, former secretary of state, Hillary Clinton, and him were first investigated for their involvement in such activity in a Florida lawsuit, two years ago. Info Wars, supra, Inclusive of the husband of Hillary Clintons Aid, Anthony Weiner's 12-years for sex texting a minor. Id. These public Representatives, the most trusted of all society, are sanctioned under minimal for their compulsive and repetative conduct or not at all, depending on who they are.

In Trapp, supra, the Supreme Court stated that, "The Basic concept underlying the 8th Amendment prohibition against cruel and unusual punishment was nothing less than the dignity of man." Id; and in Furman v. Georgia, 408 US 238 (1972) the supreme Court established Constitutional Authority that the, "Proscription of cruel and unusual punishment, forbade Judicial imposition of them, as well as their imposition by legislature." Id.

-6-

Case 16-3355, Document 42, 07/05/2017, 2070952, Page11 of 20

The aforedemonstrated Supreme Court Authority is the founding thrust of todays Graham v. Florida, 176 L.Ed.2d 825(2010), (and its Like Authority) requiring Courts to look beyond the Historical conceptions to the evolving standards of decency that marked the progress of a Maturing society; and defining sentence Proportionality analysis as to (1) challenges to the length of a term-of-years of sentence given all circumstances in a particular case; and (2) Categorical Rules to define 8th Amendment standards, Graham, Id, 130 S.Ct. @ 2012-13.

  The Fitness of the Punishment imposed against Kapp, [235-years] is extremely harsh and thus unusual considering his offense was not as grusome as Ivey or Kane, and no more severe than government officials, Id., et al., Thus, Cruel in its very sence at 235-years. Certainly, out of the proportions prescribed by statutes, and unusually cruel when receiving twice and thrice the maximum for the same actions as codefendant at [60-years]; and receiving 230 - 235 years above the average in todays society, which has evolved through and by our own said officials criminal

-7-

actions and moral standards being conduct[ed] by them within, and previous to Kopps time frame, to include increasing, Massive Numbers to date, setting child porn, Molestati[on] etc., more and more a product of a Maturi[ng] Society demand.

It would seem then, that such said offenses must be established to 6-months to Five year penalties with stiff fines, or all such statutes to be abolished and reinstate said as a legal American Commerce, in retro active sence.

SUPP: GROUND THREE:

WHETHER SUPERVIZED RELEASE AND SEX OFFENDER REGISTRATION VIOLATES DUE PROCESS AND EIGH AMENDMENT GUARANTEES UNDER OUR CONSTITUTION AND DISCRIMINATORY PROHIBITIONS.

Kopp Contends that sex offender registration and Supervised Release poses Cruel and unusual circumstances in unconstitutional; Discriminatory relations.

SUPERVISED RELEASE

Incorporating the aforementioned authority in supp. Ground Two, Dueprocess guarantees no person shall be ... twice placed in Jeopardy For the same offense, ... nor be deprived of life liberty or

-8-

property, without due process of the law.

Kopp was sentenced - in addition to 235 years - to Lifetime Supervised release for the commission of the same offense.

In General, it is herefore reasoned that Mr. Kopp must serve his sentence of imprisonment, and when he is released he must serve the rest of his life at the descretion probation Officers entity, while still remaining obligated to the Bureau of Prisons.

In every sense of this matter, it constitute a violation, as well, of unusual Punishment in the terms of sentencing for the crime committed, which is still prohibited by the 8th Amendment of the U.S. constitution, and defeats the scope of <u>Powel v. Texas, supra, Trop and Weems, supra.</u> The only remedy available is to abolish supervised release, or utilize the statute, Amendable to Parole provisions. Thus, Giving the effect of Powell supra, to direct the punishment imposed for the violation of the criminal statute. Id.

<u>DISCRIMINATORY IMPOSITIONS:</u>

In addition to the above, the supreme Court in <u>Furman v. Georgia, 408 US 238 (1972)</u> provides that, "a penalty should be considered unusually imposed if it is administered

-9-

arbitrarily or discriminatorily rare." Id.

In the case of West Law, Child Porn or any other sex offenses, has the harshest Application of supervised release impositions, Except to the magnitudes of the aforementioned governmental, officials. Certainly arbitrary and discriminitory, in the eyes of the supreme Court, Furman Supra. "[Rare]."

SEX OFFENDER REGISTRATION.

Mr. Kopp submits that the sex offender Registration status, poses the same unusual, and discriminally rare arbitrary punishment as does harsh sentence, and supervised release. Incorporating the aforedemonstrated as if fully set in, herefore, another form of punishment which endangers the lives of the [defendant] Kopp, his neighbors, and loved ones, as well as exceeds the stututory maximum punishment by the infracted statute.

Again, Sex offender Registration is Discriminatorilly based as there is no other offense required to register such as Murder, Robbery, Bank Robbery, Prohibited Gun owners, Drug Dealers and offenders, who pose a more serious threat to their neighbors home or life as the sex offender. Further, the Sex offender Registration Law

—10—

invokes discriminatory implication upon the [defendant] Kopp, with Employers, and Land lords, City ordinances and etc., leaving the sex offender unemployed, Homeless and overall, subjected to unequal living standards due Hate Crime against them. The sex offender Registration must be abolished, and dismissed against Kopp, or applied to all. This remedy would Keep Meaning to Trop's, supra standard requirement to "avoid unusual punishments from being so "cruely different," and "Keeping punishments fair, substantially reasonable and equally proscribed to its infractors." Id.

In any other sence to this ground, "No remedy", would merely leave Mr. Kopp, vulnerable to "Proscription of Cruel and unusual Punishment", by Judicial imposition and legislature; in violation of due process. Furman v. Georgia, supra.

SUPP: GROUND FOUR.

WHETHER CHILD EXPLOITATION OFFENSES ARE VOID FOR VAGUENESS

The statutes for which Kopp was convicted, 18 USC §§ 2251 & 2252, etc., require the satisfaction of elements that the defendant(s) "used materials that had traveled in interstate commerce

—11—

Case 16-3355, Document 42, 07/05/2017, 2070952, Page16 of 20

at one point in time, (2) to produce child pornography, and (3) send depictions of such in interstate commerce.

    Mr. Kopp contends that there is no "Economic Catch" to satisfy federal Jurisdiction under these vague circumstances, To wit:

    Article 1, §8, clause-3 of the U.S. Constitution allows the government to control, Protect and Regulate, Commerce Activity between the states, and foreign states.

    However, the Supreme Court in Employing Plasterers Association, 347 US 186 (1954) maintains that "once an article of 'interstate commodity' reaches its forum state destination to be distributed to the public by its Merchant the Government loses its commerce Jurisdiction and what next happens to that item, becomes the province of the state." see also, Carol Ann Bond v. U.S., 134 S.Ct. 2077 (2014) (Photographic chemicals used in domestic assault deemed province of the state even though traveled in interstate commerce at one point in time.), Bond citing, U.S. v. Bass, 404 US 336, 350 (1971) (holding a felon in possession of a firearm must be based upon proof of a common connection to interstate commerce.) and Jones v. United States, 529 US 848, 850

-12-

(2000) holding the same as to Arson of a Warehouse.

Mr. Kopp Purchased his computer from a Merchant in the state of New York, and thus, exempting the governments Jurisdictional reach over Mr. Kopp's computer equipment, which became Mr. Kopp's Personal Property and affects Protected by the Fourth Amendment of the United States Constitution, and within his sovereign Jurisdiction of the state of New York.

The government cannot satisfy an element of Interstate Commerce for these reasons.

SECOND, Title 18 USC §§ 5 & 7 provides specific geographical locations of federal Jurisdictions, neither of which involves Mr. Kopp's activities, nor the state of New York, in government Land, etc. The state of New York punishes child Pornography/Exploitation etc., offenses, thus the Assimilative Crimes Act 18;5,7, is not available to the government, ad hoc.

THIRD: The second Circuit in U.S. v. Aleynikov, 676 F.3d 71 (2nd. Cir. 2012) held that a Computer "design" stolen by Mr. Aleynikov was not a commodity of interstate Commerse, and, was meant to be a "secret". Thus, Even though Mr.

—13—

Case 16-3355, Document 42, 07/05/2017, 2070952, Page18 of 20

Aleynikov sent the "design" via computer, in foreign commerce to Japan, downloaded the product from Japan to his home computer, then his laptop and thereafter took the product across state lines to a business meeting. Mr. Aleynikov did not affect interstate commerce considering the product was not economic related, thus the case was Acquitted and the statute was abolished.

In Jacobs v. U.S., 118 L.Ed.2d 174 (1991) the Supreme Court pointed out that child pornography was barred as a comodity of American Commerce, and a Federal Statute was crafted to "Prohibit and Punish child pornography which traveled through postal dwellings, (i.e., government owned or ascertained land; within the boundri of 18:5,7. Id.

Thus, child Pornography ceased being a comodity of Interstate Commerce previou to Kopp's Offense's, within the bounds of Article 1, §8 clause-3, U.S. Const., Commerce clause.

Based upon these facts and Authority, the government cannot establish an Economic element under United States Criminal Code, so as to sustain Mr. Kopp's

-14-

conviction under said statutes within the Federal boundries, as the Child Exploitation statutes are vague to provide an element of Economic relations, thus violating due process as the statute[s] provide no warning of Federal infraction defenses.

Mr. Kopp's convictions therefore, must be vacated with prejudice and the ailing statutes abolished.

CONCLUSION.

Mr. Kopp seeks relief on these issues of crucial significance.
Respectfully Submitted
On this the 23rd. day of June, 2017

_____
Jason Kopp. #24099-052.
USP Tucson. P.O. Box #24550
Tucson Arizona.    85734.

-15-

## DECLARATION OF MAILING

I, Jason Kopp, do hereby declare under penalty of perjury, pursuant to Title 28 USC §1746, that I placed the foregoing:

APPELLANT KOPP'S SUPPLEMENTAL
OPENING APPELLATE BRIEF

in the hands of U.S.P. Tucson Prison Mail room staff, for mailing to the Second Circuit Court of Appeals, 40 Foley Square, New York, New York, 10007, and a copy of the same to Melissa Tuohey, 4 Clinton Square, 3rd Floor, Syracuse, New York, 13202, and U.S. Attorneys office, 100 S. Clinton St., Syracuse, NY, 13261, after having been affixed with first class postage prepaid and so properly addressed, on this the 23rd day of June, 2017.

_(signature)_

Jason Kopp, Reg. No. 24099-052
USP-Tucson, P.O. Box #24550
Tucson, Arizona          85734
CMR #7016 2140 0000 7058 7051 / 6-23-17

-16-